UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODIS MARTIN and LORETHA MARTIN,<br><br>        Plaintiffs,<br><br>  v.<br><br>HILTON SACRAMENTO ARDEN WEST; WHGCA LLC; HILTON WORLDWIDE, INC.; AND DOES 1-20, Inclusive,<br><br>        Defendants. | No. 2:14-cv-00360-GEB-AC<br><br>**ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE; FED. R. CIV. P. 4(M) NOTICE** |

        The February 5, 2014 Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on May 12, 2014, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The February 5, 2014 Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

        Therefore, Plaintiffs and Defendants WHGCA LLC and HILTON WORDLWIDE, INC. are Ordered to Show Cause ("OSC") in a writing to be filed no later than May 12, 2014, why sanctions should not be imposed against the party and/or the party's counsel under Federal Rule of Civil Procedure ("Rule") 16(f) for failure to file a timely status report. The written response

shall also state whether the party or the party's counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on July 21, 2014, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A joint status report shall be filed no later than fourteen (14) days prior to the status conference.

Further, Plaintiffs are notified under Rule 4(m) that failure to serve Defendant HILTON SACRAMENTO ARDEN WEST with process within the 120 day period prescribed in that Rule may result in that defendant being dismissed. To avoid dismissal, on or before June 6, 2014, Plaintiffs shall file proof of service for Defendant HILTON SACRAMENTO ARDEN WEST or a sufficient explanation why service was not completed within Rule 4(m)'s prescribed service period.

IT IS SO ORDERED.

Dated:  May 1, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).