UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODIS MARTIN and LORETHA MARTIN,<br><br>              Plaintiffs,<br><br>     v.<br><br>HILTON SACRAMENTO ARDEN WEST; WHGCA LLC; and HILTON WORLDWIDE, INC.,<br><br>              Defendants. | No.  2:14-cv-00360-GEB-AC<br><br>**ORDER DISMISSING DEFENDANT HILTON SACRAMENTO ARDEN WEST** |

The July 14, 2014 Status Order required Plaintiffs to "[n]o later than July 28, 2014, . . . either file whatever documents are required to prosecute this case as a default matter against Defendant Hilton Sacramento Arden West or show cause in a filing why that defendant should not be dismissed for failure of prosecution." (Status Order 2:2-10, ECF No. 16.) Plaintiffs failed to respond to the July 14, 2014 Order by this deadline. Therefore, the Court considers whether Defendant Hilton Sacramento Arden West should be dismissed for failure to prosecute. Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution.").

1

When considering whether to dismiss a party for failure to prosecute, a court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

The first and second factors weigh in favor of dismissal in this case since Plaintiffs' failure to prosecute the action against Defendant Hilton Sacramento Arden West has impaired the public's interest in expeditious resolution of litigation and undermines the Court's ability to manage its docket. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."); Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . .").

The third factor concerning the risk of prejudice to Defendant Hilton Sacramento Arden West considers the strength of a party's excuse for non-compliance. See Pagtalunan, 291 F.3d at 642-43 (indicating "the risk of prejudice" is related to Plaintiffs' reason for failing to prosecute). Since Plaintiffs have provided no reason for their failure to prosecute the action against Defendant Hilton Sacramento Arden West, the third factor also favors dismissal.

The fourth factor concerning whether the Court has considered less drastic sanctions, also weighs in favor of dismissal since Plaintiffs failed to prosecute this action

2

against Defendant Hilton Sacramento Arden West despite the warning in the Status Order that Defendant Hilton Sacramento Arden West could be dismissed as a result. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.").

The fifth factor concerning the public policy favoring disposition of cases on their merits, weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.").

Since the balance of the factors strongly favors dismissal of Defendant Hilton Sacramento Arden West, that defendant is dismissed.

Dated:  September 4, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge