UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODIS MARTIN and LORETHA MARTIN,<br><br>    Plaintiffs,<br><br>  v.<br><br>WHGCA LLC; and HILTON WORLDWIDE, INC.,<br><br>    Defendants. | No. 2:14-cv-00360-GEB-AC<br><br>**ORDER MODIFYING DEADLINE TO FILE A MOTION FOR LEAVE TO AMEND**[*] |

On September 30, 2014, Plaintiffs filed an Application for an Order Shortening Time ("OST"), (ECF No. 26), for hearing on Plaintiffs' motion in which they seek to extend the deadline to file a motion for leave to amend their complaint under Federal Rule of Civil Procedure ("Rule") 15(a), (ECF No. 24).

The following procedural history and factual background is relevant to Plaintiff's Application for an OST and underlying motion. Plaintiffs stated in the July 7, 2014 Joint Status Report ("JSR") that they "anticipate[d] requesting leave to amend the Complaint . . . to list every architectural barrier to access that plaintiff[s] seek[] to remediate, and which [they] may encounter during future visits" after "the Parties have completed a [Rule] 34 inspection of the subject property," which was

---

[*] This matter is suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

scheduled to occur on July 22, 2014. (JSR 2:7-14, 3:15-16; ECF No. 15.) Accordingly, the Status Order filed July 14, 2014, gave Plaintiffs "until August 25, 2014, to file a motion in which leave is sought under [Rule] 15(a) to file the referenced amendment, after which time no further service, joinder of parties, or amendments to the pleadings is permitted, except with leave of Court for good cause shown." (Status Order 2:22-27, ECF No. 16.) This deadline was subsequently extended to October 10, 2014, by stipulation and order due to delays in completing the Rule 34 inspection. (Stipulation and Order 3:9-13, ECF No. 18.)

A Rule 34 inspection occurred on August 19, 2014, at which time Plaintiffs' accessibility expert was permitted to inspect only the areas that Plaintiffs personally encountered during a past visit to the property. However, Plaintiffs sought to inspect other areas "open to the public and Hotel patrons" to identify any accessibility barriers Plaintiffs could encounter if they return to the property. (Decl. of Catherine Cabalo in Supp. of Mot. to Extend Deadline ("Cabalo Dec.") ¶¶ 2-3, ECF No. 25.)

Plaintiffs contend they "are . . . entitled to inspect the other areas of the hotel that they may encounter in the future, pursuant to Doran v. 7-Eleven, Inc., 524 F.3d 1034 (9th Cir. 2008) and Chapman v. Pier 1 Imports (US) Inc., 631 F.3d 939 (9th Cir. 2011) (en banc)." (Joint Statement re Disc. Disagreement 5, ECF No. 19.) Defendants counter:

> Plaintiffs have a right to inspect the entire property if they have "encountered or become aware of alleged ADA violations that deter [their] patronage of or otherwise interfere with [their] access to a place of public accommodation." [Chapman,] 631 F.3d at 953. The Court refers to the required showing as

> suffering "an injury in fact." Thus, Plaintiffs have no right to any further inspections until they prove that they suffered an injury-in-fact. To date, Plaintiffs have not shown any such injury. . . .
>
> Plaintiffs, while they assert there are clear access violations, refuse to provide the information necessary for Defendants to test their assertions. Plaintiffs have no right to an additional inspection until they have shown that they actually encountered real barriers at the Property which caused an injury in fact. Because Plaintiffs refuse to back up their assertions from the initial limited inspection, Plaintiffs have no right to a second inspection.

(Id. at 5-6.)

This discovery dispute is the subject of a pending motion to compel, which is scheduled for hearing before Magistrate Judge Allison Claire on November 5, 2014. (See Mot. to Compel Rule 34 Site Inspection, ECF No. 22.)

Plaintiffs seek to extend the October 10, 2014 deadline to file a motion for leave to amend under Rule 15(a) in light of this discovery dispute. Plaintiffs argue:

> The earliest that Plaintiffs could schedule a hearing with Magistrate Judge Claire on their motion to compel was November 5, 2014. Judge Claire has not ruled on Plaintiffs' motion. Until she does, Plaintiffs cannot effectively amend their complaint pursuant to Oliver v. Ralphs Grocery Co., 654 F.3d 903, 909 (9th Cir. 2011) to provide defendants with notice of all the barriers to disabled access in the Hotel that Plaintiffs may encounter in the future. In the event that Judge Claire orders Defendants to allow Plaintiffs to complete the inspection, the parties and their access consultants will need to schedule the continued inspection, and Plaintiffs will need some time to allow their access consultant to report any access barriers identified during the continued inspection.

3

> . . . .
>
> . . . . Therefore, Plaintiffs request that the Court continue the deadline for Plaintiffs to request leave to amend their complaint . . . until [December 31, 2014].

(Pls.' Mot to Extend Deadline 4:16-5:1, 5:19-21; see also Proposed Order Granting Mot. to Extend Deadline, ECF No. 24-1.)

Plaintiffs' further request their motion to extend the referenced deadline be heard on shortened time, arguing:

> Plaintiffs will suffer substantial harm and prejudice if the Court is unable to hear Plaintiffs' Motion to Extend . . . until after the [relevant] deadline . . . has passed. Plaintiffs will not be able to fully comply with Fed. R. Civ. P. 15(a) and Oliver until after the discovery dispute regarding the Fed. R. Civ. P. Rule 34 site inspection currently before Judge Claire has been fully resolved.

(Pls.' Appl. for OST 3:4-9.)

The pending discovery dispute affects the scope of amendments Plaintiffs seek to make to their Complaint, and that dispute is not scheduled for hearing until November 5, 2015. Further, Plaintiffs have shown their diligence in seeking to resolve the discovery dispute. Therefore, good cause exists to modify the existing deadline by which Plaintiffs may file a motion under Rule 15(a) seeking leave to file an amendment pursuant to Oliver v. Ralphs Grocery Co., 654 F.3d 903 (9th Cir. 2011). Fed. R. Civ. P. 16(b)(4); see also Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

For the stated reasons, Plaintiffs have until December 31, 2014, to file a motion in which leave is sought under Rule

15(a) to file an amendment pursuant to <u>Oliver v. Ralphs Grocery Co.</u>, 654 F.3d 903 (9th Cir. 2011), after which time no further service, joinder of parties, or amendments to the pleadings is permitted, except with leave of the Court for good cause shown.

Plaintiffs also request, in their Motion to Extend Deadline that the Court modify the July 14, 2014 Status Order to permit them until December 31, 2014, to seek leave under Rule 15(a) to "name any additional parties." In support of this request, Plaintiffs contend:

> Defendants' [Rule] 26 Initial Disclosures included booking documentation from the Hotel. This documentation uses an abbreviation system that suggests the room was booked by Expedia. Plaintiffs are in the process of determining whether Expedia should be named as a defendant in this case and will make that decision at the time they request leave to amend the Complaint to include Oliver amendments.

(Pls.' Mot. to Extend Deadline 5:6-12 (citations omitted).)

The July 14, 2014, Status Order dismissed all doe defendants and prescribed: "no further . . . joinder of parties is permitted, except with leave of Court for good cause shown." (Status Order 1:21-26, 2:11-28.) Plaintiffs do not address Rule 16(b)(4)'s good cause standard in connection with their possible desire to add Expedia as a Defendant. Therefore, this portion of Plaintiffs' Motion to Extend Deadline is denied.

Dated: October 3, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

5