UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODIS MARTIN and LORETHA MARTIN, | No. 2:14-cv-00360 GEB AC |
| Plaintiffs, | |
| v. | ORDER |
| HILTON SACRAMENTO ARDEN WEST, ET AL., | |
| Defendants. | |

On November 5, 2014, the court heard oral argument on plaintiffs Odis and Loretha Martin's ("plaintiffs") motion to compel. Catherine Cabalo appeared for plaintiffs and Gary Basham appeared for defendants WHGCA LLC and Hilton Worldwide, Inc. ("defendants"). After carefully considering the parties' papers and arguments, plaintiffs' motion to compel is GRANTED.

RELEVANT PROCEDURAL BACKGROUND

On September 5, 2014, prior to the filing of plaintiffs' motion to compel, the parties filed a joint statement regarding their discovery dispute. ECF No. 19. The court issued a minute order directing the parties to file a motion setting the matter on calendar before the undersigned. ECF No. 21. Thereafter, on September 23, 2014, plaintiffs filed the instant motion to compel setting a hearing for November 5, 2014. ECF No. 22. Plaintiffs included a memorandum of points and

1   authorities and a declaration in support of the motion to compel. ECF No. 23.

2   On October 6, 2014, the district judge assigned to this action issued an order modifying
3   the deadline for plaintiffs to amend their complaint. Plaintiffs were given until December 31,
4   2014 "to file a motion in which leave is sought under Rule 15(a) to file an amendment pursuant to
5   Oliver v. Ralphs Grocery Co., 654 F.3d 903 (9th Cir. 2011) . . . ." ECF No. 27 at 5.[1]

6   On October 28, 2014, eight days before the hearing on the instant motion, plaintiffs filed a
7   declaration stating that the parties met and conferred on October 28, 2014 and that because the
8   parties' positions had not changed since the filing of their joint statement, they would not be filing
9   a new joint statement regarding their discovery disagreement. ECF No. 29.

10  On October 29, 2014, defendant filed a forty-three page opposition to plaintiffs' motion to
11  compel, including seven pages of argument and thirty-one pages of exhibits. ECF No. 30.

12                          RELEVANT ALLEGATIONS OF THE COMPLAINT

13  This action is brought by plaintiffs under the Americans with Disabilities Act ("the
14  ADA"), California Health and Safety Code sections 19953-19959, the Unruh Civil Rights Act,
15  California Business and Professions Code section 17200 and Title 24 of the California Code of
16  Regulations. Plaintiffs seek injunctive relief requiring defendants to make their facility, located at
17  2200 Harvard Street, Sacramento, accessible to disabled persons and to require policy changes
18  and staff training.

19  Plaintiffs allege as follows regarding access barriers they encountered during their visit to
20  defendants' property. Compl., ECF No. 1. Plaintiffs are qualified disabled persons who each
21  require the use of a mobility assistive device for locomotion. Compl. ¶ 6. Plaintiff Odis Martin
22  made a reservation through a website for an accessible suite with two bedrooms for June 10, 2013
23  located at 2200 Harvard Street, Sacramento. Id. ¶ 12. When plaintiffs arrived on June 10, 2013
24  plaintiff Odis Martin was not able to find a disabled accessible or van-accessible parking space.
25  Id. ¶ 13.

26  ////

---

[1] Oliver held, in relevant part, that the only issues properly before a court on a motion for summary judgment are those raised in the complaint itself. Oliver, 654 F.3d at 909.

Plaintiffs were told by the hotel clerk that the room they reserved was not accessible, even though they had been promised an accessible suite when they made the reservation. Id. ¶ 14. Plaintiffs were "given a key to an alleged 'disabled accessible' suite, but . . . the doorway appeared too narrow for entry by wheelchair." Id. Plaintiffs were then given a key to a second room. Id. "Both plaintiffs were able to enter this room, but found that the path of travel within the room and entry door to the bathroom were too narrow to use. Also, this was a standard room with two beds, not a suite, without a roll-in shower, and lacked other disability access features." Id.

"Defendants' actions and omissions to act constitute discrimination against plaintiffs on the basis that they were and are physically disabled and unable, because of the policy and architectural and other barriers created and/or maintained by the defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons. The policy violations have deterred both plaintiffs from returning to attempt to patronize the Hotel and its restaurant, deterring and causing them damages each day this policy continues." Id. ¶ 23.

## DISCOVERY DISPUTE

Following the parties' Federal Rule of Civil Procedure ("Rule") 26(f) conference and discussions regarding plaintiffs' request to inspect the site under Rule 34, plaintiffs served a second amended notice of inspection of buildings, property and related facilities. Plaintiffs sought inspection under Rule 34(a) of the following areas of the site:

1. All paths of travel entering the facility, within the facility and exiting the facility;
2. All parking facilities;
3. All areas open to the public, including without limitation, lobbies/lounges, restaurants/food service areas, bars, spa/pool, conference center; and
4. All guest rooms that the plaintiffs were assigned on June 10, 2013.
5. All designated "accessible" guest rooms.

Joint Statement Regarding Disc. Dispute ("JS") Ex. 5, ECF No. 19. The inspection was scheduled for August 19, 2014. Id. Defendants opposed the inspection request to the extent it sought inspection of areas plaintiffs did not personally encounter. See JS Exs. 4, 6. On August 19, 2014, plaintiffs conducted a site inspection during which plaintiffs' counsel inspected only the

barriers plaintiffs encountered during their June 2013 visit. Plaintiffs then sought a second site inspection, which defendants opposed.

The issue in dispute is whether plaintiffs are entitled to a second site inspection to inspect areas they did not personally encounter during their visit to the hotel.

Plaintiffs argue that Rule 34(a)(2) entitles them to inspect all areas of the hotel, including those that they did not encounter during their initial visit but may encounter in the future. JS at 5 (citing Doran v. 7-Eleven, Inc., 524 F.3d 1034 (9th Cir. 2008); Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939 (9th Cir. 2011)).

Defendants counter, arguing that they "believe[] that Plaintiffs suffered and encountered no barriers when they visited the subject Property . . . and do not believe that Plaintiffs have the unfettered right to comb through the hotel in an attempt to bolster a case filed on the basis of incorrect facts." JS at 3–4. Defendants argue that plaintiffs reserved a standard room, not a suite or an ADA accessible room. Id. at 4; see also id. Ex. 8 (reservation confirmation). Defendants object to unlimited access to the site "until Plaintiffs can show that they in fact encountered real barriers at the Property." Id. at 4. Defense counsel further argues he thought plaintiffs' counsel would provide a written report by their expert identifying barriers, which he could check for accuracy. Id. Defendants argue that "[i]f in fact Plaintiffs encountered real barriers and suffered a real injury-in-fact, then Defendants would have discussed a second inspection with Plaintiffs' counsel." Id. With regard to the Ninth Circuit's holding in Chapman, defendants argue that it only provides plaintiffs with a right to inspect the site if they suffered an injury in fact. JS at 5. Defendants argue that plaintiffs have not shown an injury in fact and are therefore precluded from inspecting areas of the site they did not encounter during their initial visit. Id. at 5–6.

## DISCUSSION

As a preliminary matter, the parties' filings related to the discovery dispute violate the Local Rules. Local Rule 251 provides that "[a]ll arguments and briefing that would otherwise be included in a memorandum of points and authorities supporting or opposing the motion shall be included in [a] joint statement, and no separate briefing shall be filed." Local Rule 251(c). The parties were required to file a joint statement setting forth the parties' arguments and any relevant

exhibits. Separate points and authorities are prohibited. Accordingly, plaintiffs' memorandum and declaration in support of their motion to compel, ECF Nos. 22, 23, and defendants' opposition thereto, ECF No. 30, are stricken and will not be considered. The court now turns to the parties' discovery dispute.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Generally, the scope of discovery under Rule 26(b)(1) "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The court must limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii). The court may also limit the extent of discovery to protect a party or person from annoyance, embarrassment, oppression, undue burden or other improper purposes. Fed. R. Civ. P. 26(c)(1), 26(g)(1)(B)(ii).

Federal Rule of Civil Procedure 34(a)(2) provides that a party may serve a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2).

Defendants' opposition to the inspection in this case is unfounded. It is clearly established that where an ADA complaint alleges that a plaintiff personally encountered barriers at a place of public accommodation, she also has standing to seek injunctive relief regarding additional barriers affecting her disability which existed at the time she brought her claim. Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 944 (9th Cir. 2011). Accordingly, the allegation of one alleged statutory violation provides a basis for discovery into the possible existence of additional, unencountered barriers. Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1034-44 (9th Cir. 2008).

In Doran, the lower court permitted the plaintiff to conduct a site inspection of the property at issue but limited the inspection to barriers the plaintiff either encountered or knew about but did not personally encounter. Id. at 1038. The Ninth Circuit reversed the lower court's decision, holding

> that where a disabled person has Article III standing to bring a claim for injunctive relief under the ADA because of at least one alleged statutory violation of which he or she has knowledge and which deters access to, or full use and enjoyment of, a place of public accommodation, he or she may conduct discovery to determine what, if any, other barriers affecting his or her disability existed at the time he or she brought the claim. This list of barriers would then in total constitute the factual underpinnings of a single legal injury, namely, the failure to remove architectural barriers in violation of the ADA, which failure actually harmed the disabled person by deterring that disabled person from visiting a facility that otherwise would have been visited at a definite future time, yielding Article III standing.

Id. at 1043–44 (citing Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1138 (9th Cir. 2002)).

Defendants argue that plaintiffs should not be permitted to conduct discovery into additional barriers until they demonstrate (presumably to defendants' satisfaction) that they actually encountered barriers. Plaintiffs have no burden of proof or production at this stage of the proceeding. The scope of discovery is determined by the claims as alleged in the complaint. As already noted, plaintiffs have alleged that they personally encountered barriers. That is sufficient under Doran to entitle them to discovery.

In a similar vein, defendants object to the site inspection on grounds that, as a factual matter, "Plaintiffs suffered and encountered no barriers when they visited the subject Property." JS at 3. The fact that defendants dispute the allegations of the complaint does not preclude discovery. The only question is whether the site inspection is relevant to plaintiff's claims. See, Shaw v. Tujunga Rests., Inc., No. CV 12–2193–SVW (SPx), 2012 WL 5974184, at *3 (C.D. Cal. Nov. 6, 2012) (finding that the defendant's argument "that the claims asserted by plaintiff are provably false, and that therefore plaintiff should be required to sit for a deposition before the site inspection so that plaintiff cannot 'use the site inspection to get his story straight'" was "not a legitimate basis to refuse to comply with a valid inspection demand.").

In sum, the requested site inspection is reasonably calculated to lead to the discovery of admissible evidence regarding additional barriers, which are matters that may be presented in this case under <u>Doran</u> and <u>Chapman</u>, <u>supra</u>. <u>See</u> Fed. R. Civ. P. 26(b)(1); <u>Oppenheimer Fund</u>, 437 U.S. at 351; <u>see also</u> <u>Langer v. McHale</u>, Civil No. 13cv2721 CAB (NLS), 2014 WL 4922320, at *3 (S.D. Cal. Aug. 6, 2014). Accordingly, plaintiff is entitled to the site inspection. <u>Doran</u>, 524 F.3d at 1043-44. Plaintiff's motion to compel is therefore GRANTED.

IT IS SO ORDERED.

DATED: November 7, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE