PAUL L. REIN, ESQ.  (SBN 43053)
CELIA MCGUINNESS, ESQ. (SBN 159420)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:  (510) 832-5001
Facsimile:  (510) 832-4787
E-mail:   reinlawoffice@aol.com

CAT CABALO, ESQ. (SBN 248198)
PEIFFER ROSCA WOLF
ABDULLAH CARR & KANE
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-3592
Facsimile: (415) 402-0058
ccabalo@prwlegal.com

Attorneys for Plaintiff
ODIS MARTIN and LORETHA MARTIN

GARY R. BASHAM, ESQ. (SBN 130119)
BASHAM LAW GROUP
1545 River Park Drive, Suite 205
Sacramento, California 95815
Telephone: (916) 993-4840 Facsimile: (916) 993-4849

Attorneys for Defendants
WHGCA LLC and HILTON WORLDWIDE, INC.

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODIS MARTIN and LORETHA MARTIN,<br><br>              Plaintiffs,<br><br>       v.<br><br>HILTON SACRAMENTO ARDEN WEST;<br>WHGCA LLC; HILTON WORLDWIDE,<br>INC.; AND DOES 1-20, Inclusive,<br><br>              Defendant. | Case No. 2:14-cv-00360-TLN-AC<br><br>**CONSENT DECREE AND<br>ORDER AS TO INJUNCTIVE<br>RELIEF ONLY**<br><br>**Action Filed: February 5, 2014** |

     1.      Plaintiffs ODIS MARTIN and LORETHA MARTIN (together "Plaintiffs")

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

filed a Complaint in this action on February 5, 2014, to obtain recovery of damages for Plaintiffs' discriminatory experiences, denial of access, and denial of civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against defendants WHG CA, LLC ("WHG") and HILTON WORLDWIDE, INC. ("Hilton") (defendants sometimes referred to together as "Defendants"), relating to the condition of Defendants' public accommodations as of June 7, 2013, and continuing (the "Action").  Plaintiffs have alleged that Defendants violated Title III of the ADA; sections 51, 52, 54, 54.1, and 54.3 of the California Civil Code; sections 19955 *et seq.* of the California Health & Safety Code; and sections 17200 *et seq.* of the California Business and Professions Code by failing to provide full and equal access to their facilities at 2200 Harvard Street, Sacramento, California.  Defendants allege that Hilton is not a proper party to this Action as it is only the franchisor and that any legal obligation to make modifications to the subject property is the sole responsibility of the franchisee WHG.  Plaintiffs dispute and disagree with this contention.  Nevertheless, only WHG is bound by and subject to the requirements and obligations to make the remedial measures to the subject property pursuant to this Stipulation and Order.  Should WHG default or fail to meet any of its obligations to modify the subject property as set forth herein, Plaintiffs may continue this Action and seek further injunctive relief as may be required against both WHG and Hilton.  As a result, WHG is the only Defendant who is a party to this Stipulation and Order.

      2.      Plaintiffs and WHG (together sometimes the "Parties") hereby enter into

this Consent Decree and Order for the purpose of resolving injunctive relief issues in this lawsuit without the need for protracted litigation.  Issues of damages and attorneys' fees, costs, and expenses will be the subject of further negotiations and litigation if necessary.

**JURISDICTION:**

3.      The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; California Business and Professions Code sections 17200 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, and 54.3**.**

4.      In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all injunctive relief claims raised in the Complaint filed with this Court. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5.      This Order shall be a full, complete, and final disposition and settlement of

1   Plaintiff's injunctive relief claims against Defendants that have arisen out of the subject

2   Complaint.

3

4       6.      The Parties agree and stipulate that the corrective work will be performed in

5   compliance with the standards and specifications for disabled access as set forth in the

6   California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards

7   for Accessible Design, unless other standards are specifically agreed to in this Consent

8   Decree and Order.

9

10          a)      **Remedial Measures:** The corrective work agreed upon by the Parties

11  is set forth in **Attachment A** (spreadsheet detailing remedial work), which is attached and

12  incorporated herewith.

13

14          b)      **Timing of Injunctive Relief**:   WHG will complete all corrective

15  work by November 1, 2016.   In the event that unforeseen difficulties prevent WHG from

16  completing any of the agreed-upon injunctive relief, WHG or its counsel will notify

17  Plaintiffs' counsel in writing within 5 days of discovering the delay.  Plaintiffs will have

18  thirty (30) days to investigate and meet and confer, and to approve the delay by stipulation

19  or otherwise respond to WHG's notice.  If the Parties cannot reach agreement regarding

20  the delay within an additional fifteen days, Plaintiffs may seek enforcement by the Court.

21

22          c)      WHG will notify Plaintiffs in writing by May 1, 2016 as to the

23  current status of agreed-to injunctive relief, such notification to include the following: (1)

24  a description of what work has been completed; and (2) identification of any possible

25  issues meeting the November 1, 2016 deadline for the completion of all work.  WHG will

26  notify Plaintiffs in writing again once all corrective work is completed.   If WHG fails to

27

28

CONSENT DECREE & ORDER                                    4
AS TO INJUNCTIVE RELIEF ONLY
Case No. 2:14-cv-00360-TLN-AC

provide injunctive relief on the agreed upon timetable and/or fail to provide timely written status notification, and Plaintiffs file a motion with the Court to obtain compliance with these terms, Plaintiffs reserve the right to seek additional attorneys' fees for any compliance work necessitated by WHG's failure to keep this agreement.  If the Parties disagree, such fees shall be set by the Court. Further, if WHG fails to provide injunctive relief on the agreed upon timetable and/or fail to provide timely written status notification, Plaintiffs reserve the right to reopen litigation on the issue of injunctive relief as against both WHG and Hilton.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

7.      The Parties have not reached any agreement regarding Plaintiffs' claims for damages, attorneys' fees, litigation expenses, and costs.  These matters will be the subject of future negotiation or litigation as necessary.  The Parties jointly stipulate and request that the Court not dismiss the case in its entirety as these issues remain unresolved.

**ENTIRE CONSENT DECREE AND ORDER:**

8.      This Consent Decree and Order and **Attachment A** constitute the entire agreement between the signing Parties and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9.      This Consent Decree and Order shall be binding on Plaintiffs, WHG, and any successors-in-interest.  WHG has a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

10.      Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed.  Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order.  Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO**

CONSENT DECREE & ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. 2:14-cv-00360-TLN-AC

6

**CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

This waiver applies to the injunctive relief aspects of this action only and does not include resolution of Plaintiffs' claims for damages, attorneys' fees, litigation expenses, and costs.

11.   Except for all obligations required in this Consent Decree and Order -- and exclusive of the referenced continuing claims for damages, attorneys' fees, litigation expenses, and costs – each of the Parties to this Consent Decree and Order on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

12.   This Consent Decree and Order shall be in full force and effect -- and the Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order -- for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court or until the injunctive relief contemplated by this Order is

completed, whichever occurs later.

**SEVERABILITY:**

13.     If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14.     Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

1   Dated: 02/06/16                 PLAINTIFF ODIS MARTIN

2

3
                                     ___/s/_____
4                                    ODIS MARTIN

5

6   Dated: 02/04/16                 PLAINTIFF LORETHA MARTIN

7

8
                                     ____/s/_____
9                                    LORETHA MARTIN

10

11  Dated:                          DEFENDANT WHG CA, LLC

12

13                                   By: ___/s/_____

14                                   Print name:_____

15                                   Title: _____
16

17

18

19
    APPROVED AS TO FORM:
20

21  Dated:  January 29, 2016        LAW OFFICES OF PAUL L. REIN
22

23                                   _____/s/_____
24                                   By:  PAUL L. REIN, ESQ.
                                     Attorneys for Plaintiffs
25                                   ODIS MARTIN and LORETHA MARTIN

26

27

28

1

Dated:  January 29, 2016                    BASHAM LAW GROUP

2

3                                           _____/s/_____

4                                           By:  GARY R. BASHAM, ESQ.
                                            Attorneys for Defendants
5                                           WHGCA LLC and HILTON WORLDWIDE,
                                            INC.

6

7

8                                        **ORDER**

9        Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED.**

10   Dated: February 18, 2016

11

12

13                                           _____
                                             Troy L. Nunley
14                                           United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSENT DECREE & ORDER                        10
AS TO INJUNCTIVE RELIEF ONLY
Case No. 2:14-cv-00360-TLN-AC